NOT DESIGNATED FOR PUBLICATION

No. 120,273

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAKOTA R. MORTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed November 15, 2019. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., PIERRON and ATCHESON, JJ.

PER CURIAM:  Dakota R. Morton appeals the district court's revocation of his probation and imposition of his underlying prison sentence. He claims the district court lacked the authority to revoke his probation and abused its discretion by doing so. After a review of the record, we disagree and affirm.

In case 17 CR 2484, Morton pled guilty to one count of aggravated escape from custody and was sentenced to 11 months in prison, but the district court placed him on probation from that sentence for 18 months.

1

Less than one week after sentencing, the State alleged in a probation violation warrant that Morton had violated the terms of his probation by submitting two positive urinalysis (UA) samples, being listed as "out of place of assignment" when he failed to return to Residential Community Corrections after job seeking, and being "declared AWOL in Sedgwick County Sheriff's report # 18SW000488." These actions apparently resulted in a new case, 18 CR 416, in which Morton subsequently pled guilty to aggravated escape from custody.

The district court held a joint hearing for Morton's sentencing in his new case and his probation violation in 17 CR 2484. Morton waived his right to an evidentiary hearing and admitted to the violations in the probation violation warrant. On the basis of Morton's admission, the district court revoked his probation. In arguing for reinstatement of Morton's probation, Morton's counsel asserted that Morton had a "pretty serious drug addiction" and wanted to enter a drug and alcohol treatment program. The State asked the district court to impose the underlying prison sentence based on a finding that a new crime had been committed, specifically referencing Morton's new aggravated escape from custody conviction.

Before pronouncing its decision, the district judge remarked that Morton had already twice failed on probation under "the highest level of supervision," residential community corrections. While acknowledging Morton's substance abuse problem, the district court noted that Morton had previous opportunities to seek treatment and that his behavior on probation had been "very bad." Ultimately, the district court concluded that "reinstatement of probation would not be in your best interest because very likely you would commit a new crime, again, probably aggravated escape from custody, which would be a new criminal charge. You have already committed a new offense under 18 CR 416, aggravated escape from custody." The district judge stated, "[O]n that basis, I don't need to follow the graduated sanctions any further" and imposed the underlying prison sentence in 17 CR 2484.

The journal entry filed in the case reflected the district court's findings at the hearing: that Morton's probation was revoked because he committed a new crime while on probation and a finding of offender welfare.

Morton timely appeals.

On appeal, Morton makes two arguments. First, he argues he was denied due process because he was provided insufficient notice that commission of a new crime would be used as the basis to revoke his probation. Second, he argues the district court abused its discretion when it revoked his probation and ordered him to serve his underlying prison sentence.

Once the State has proven a violation of the conditions of probation, the disposition of the case lies within the sound discretion of the district court, so long as that discretion falls within the parameters of K.S.A. 2018 Supp. 22-3716. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Morton bears the burden of showing an abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2018 Supp. 22-3716(c)(1) requires the district court to impose a series of intermediate sanctions before it may revoke a defendant's probation. Even so, sometimes, such as when a defendant commits a new crime or when the district court finds an offender's welfare would not be best served by remaining on probation, the district court may bypass these intermediate sanctions and revoke a defendant's probation. K.S.A. 2018 Supp. 22-3716(c)(8) and (9).

3

On appeal, Morton challenges only the legal authority of the district court to revoke his probation on the grounds he committed a new crime. He claims the probation violation warrant did not sufficiently apprise him that commission of a new crime while on probation could result in his probation being revoked. Yet we need not resolve that issue because the district court revoked Morton's probation for two reasons: (1) Morton committed a new crime; and (2) Morton's welfare would not best be served by the imposition of an intermediate sanction. And Morton does not challenge the district court's offender welfare finding. Therefore, we find the district court had the legal authority to revoke Morton's probation.

As to the wisdom of the district court's decision to revoke Morton's probation, we conclude a reasonable person could agree with the district court's judgment here. While it is true that Morton had a drug problem that required treatment, the district court noted that Morton had previous opportunities to get treatment and either did not take advantage of them or failed at treatment. The district court also emphasized that Morton's performance on probation had been "very bad" and that he had failed at the highest level of supervision. The record also supports the district court's offender welfare findings, which were predicated on its prediction that Morton would commit a new crime if kept on probation, given that Morton had committed a second crime of aggravated escape from custody while on probation for the same crime. We see no abuse of discretion in the district court's decision to revoke Morton's probation and impose his underlying prison sentence.

Affirmed.